VINCENT CIRIELLO *vs.* RICHARD JOYCE SMITH, trustee.

Suffolk. April 8, 1971. — June 29, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Contract,* Of employment. *Labor. Bankruptcy,* Trusteeship of railroad.

An agreement between a railroad company and a union did not cease to be effective when a trustee in bankruptcy of the company took over operation of the railroad. [739]

Failure of an employee of a railroad company to comply with the grievance procedure set forth in an agreement between the company and a union covering the conditions of his employment barred him from recovering wages for overtime. [739]

CONTRACT. Writ in the Superior Court dated September 20, 1966.

The action was tried before *Lappin,* J.

The case was submitted on briefs.

*Frederick G. Talabach* for the plaintiff.

*David W. Walsh* for the defendant.

TAURO, C.J. This case is before us on the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. There was no error.

The plaintiff, who had been employed as a track supervisor for The New York, New Haven and Hartford Railroad Company (railroad) brought this action to recover wages for overtime services rendered from 1961 until the plaintiff's retirement on October 30, 1965. On July 7, 1961, the operation of the railroad was assumed by a trustee, the defendant in this case. After a trial in the Municipal Court of the City of Boston to which the case had been transferred, there was a finding for the defendant. At a trial in the Superior Court upon retransfer, the judge directed a verdict for the defendant. The plaintiff's claim is for those hours worked in excess of fifty-six a week, which he deems "extraordinary." An agreement dated April 1, 1951, between

the railroad and The American Railway Supervisors' Association, Inc., covered the conditions of the plaintiff's employment. Among the provisions of this agreement were Rule 2, which stated in part that "This will not prohibit the performance of other service in excess of eight hours without additional compensation"; Rule 19, which provided that, "A Supervisor who believes that he has been unjustly dealt with in respect to the application of these rules of agreement shall file [a] complaint in writing"; and Rule 22, which stated in part that "Complaints as to compensation claimed and unpaid must be presented in writing to the Supervisor's immediate superior within sixty (60) days from the date the Supervisor received his pay check for the pay period involved." The agreement covered track supervisors. There is no merit to plaintiff's contention that the agreement of April 1, 1951, ceased to be effective after the trustee took over the operation of the railroad. See 6 Collier, Bankruptcy (14th ed.) ¶ 3.23, n. 32.

Fatal to the plaintiff's claim is his noncompliance with the provisions for settling grievances set forth in the agreement. "As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp.* v. *Maddox,* 379 U. S. 650, 652. 45 U. S. C. § 152, First (1964). In *Parsons* v. *Norfolk & Western Ry.* 310 F. Supp. 1197, 1202, (S.D. W. Va.) an action for additional compensation by an employee, recovery was denied "for failure of the plaintiff to exhaust remedies available to him under the contract to which he is a beneficiary."

*Exceptions overruled.*